UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHMED HAIDAR,

       Plaintiff,                                       CASE NO. 09-14047
                                                    HON. LAWRENCE P. ZATKOFF

v.

BAC HOME LOANS SERVICING, LP,
a/k/a BANK OF AMERICA, N.A.,

       Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 18th day of August, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Docket #10).[1] Plaintiff filed a timely response to Defendants' Motion, and Defendants filed a timely reply. The Court finds that the facts and legal arguments pertinent to Defendants' Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED

---

[1] Plaintiff's complaint alleged that BAC Home Loans Servicing, LP is also known as Bank of America, N.A. BAC Home Loans Servicing, LP, however, is a separate legal entity and subsidiary of Bank of America, N.A. Despite the lack of a request to amend the complaint to formally sue both entities, both BAC Home Loans Servicing, LP and Bank of America, N.A. have responded to, and defended against, Plaintiff's cause of action.

that Defendants' Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons set forth below, Defendants' Motion is GRANTED.

## II. BACKGROUND

On March 7, 2008, Plaintiff obtained a loan from Countrywide Bank, FSB ("Countrywide") in the principal amount of $161,500. The purpose of the loan was to purchase real property in Dearborn, Michigan, for use as his primary residence (the "Property"). As security for the loan, Plaintiff gave a mortgage on the Property to, and executed a promissory note ("note") in favor of, Countrywide. Defendant Bank of America, N.A. is a successor by merger to Countrywide, and Defendant BAC Home Loans Servicing, LP is the servicer of the loan.

On September 4, 2009, Plaintiff filed this action in Wayne County Circuit Court. Plaintiff asserted four counts: (a) Count I - violation of the Truth In Lending Act ("TILA"); (b) Count II - predatory lending; (c) Count III - violation of the Michigan Consumer Protection Act; and (d) Count IV - promissory estoppel. Defendants then removed this case to federal court. After the Court declined to exercise supplemental jurisdiction, the Court dismissed Plaintiff's state law claims without prejudice (Counts III and IV). Defendants later filed their Motion to Dismiss.

## III. STANDARD OF REVIEW

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of Plaintiff's complaint. In considering a motion filed under Rule 12(b)(6), the Court "must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Inge v.*

*Rock Financial Corp.,* 281 F.3d 613, 619 (6th Cir. 2002). "The determination that a complaint was filed outside of the applicable statute of limitations is a conclusion of law[.]" *Kelly v. Burks,* 415 F.3d 558, 560 (6th Cir. 2005). "A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *New England Health Care Employees Pension Fund v. Ernst & Young, LLP,* 336 F.3d 495, 501 (6th Cir. 2003). A district court's grant of a motion to dismiss is proper when there is no set of facts that would allow Plaintiff to recover. *Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

## IV. ANALYSIS

**A.     TILA Claims**

Defendants argue that Plaintiff's TILA claims should be dismissed because they were filed well beyond the one-year statute of limitations period for TILA actions. The loan was executed on March 7, 2008, and Plaintiff's complaint was not filed until September 4, 2009. Accordingly, Plaintiff does not dispute that the TILA claims were filed more than one year after he obtained the loan from Countrywide. Instead, Plaintiff contends that the statute of limitations does not bar his TILA claims because equitable tolling applies. The Court disagrees. In order for equitable tolling to apply, a plaintiff must aver: "(1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence." *Jarrett v. Kassel*, 972 F.2d 1415, 1423 (6th Cir. 1992) (citations omitted).

In this case, Plaintiff does not identify how Defendants took any affirmative steps to conceal Plaintiff's cause of action, nor can Plaintiff argue in good faith that he could not have discovered

3

the alleged violations by exercising due diligence (*e.g.*, by reading the note and mortgage). Most significantly, Plaintiff completely ignores the express language in the note and mortgage regarding the terms of his loan. Plaintiff does not dispute that he signed both documents or that the key information regarding the terms of the loan were set forth therein. For example, the note states: (a) the principal amount of the loan is $161,500.00; (b) the yearly interest rate is 6.875%; (c) payments are due on the first day of each month, beginning May 1, 2008; (d) the note matures on April 1, 2038; and (e) the monthly payments of principle and interest will be in the amount of $1,060.94. Where the loan terms are plainly disclosed in loan documents executed by the plaintiff, equitable tolling does not apply as a matter of law. *See, e.g.*, *Mills v. Equicredit Corp.*, 294 F.Supp.2d 903, 908 (E.D. Mich. 2003) (the "provisions of the loans were…disclosed in the loan documents that the Plaintiffs signed. Therefore, there was no affirmative misrepresentation which prevented Plaintiffs from discovering" their cause of action). Plaintiff cites no authority to the contrary. Accordingly, there is no basis to apply equitable tolling in this case.

For the foregoing reasons, the Court dismisses Plaintiff's TILA claims, with prejudice.

**B.      Predatory Lending Claim**

Defendants contend that Plaintiff's claim for predatory lending should be dismissed because: (1) there is no such cause of action under Michigan law; and (2) plaintiff did not obtain the loan at issue from Defendants. In response, Plaintiff acknowledges that there is no cause of action for predatory lending, stating that "there are no legal definitions in the United State for predatory lending[.]" Plaintiff then asserts that "predatory lending is a term used to describe unfair, deceptive, or fraudulent practices of some lenders during the loan origination process." To the extent that Plaintiff is suggesting that the predatory lending claim is based on fraud, however, the claim fails

4

as a matter of law because Plaintiff did not plead fraud with the particularity required under Fed. R. Civ. P. 9(b). Plaintiff also argues that his claim for predatory lending should not be dismissed because "he also alleges that the actions of Defendant[s] are contrary to the provisions of the Truth-In-Lending Act." As discussed in Section II.A., however, Plaintiff cannot sustain a TILA claim against Defendants.

Therefore, for the reasons stated, the Court holds that Plaintiff's predatory lending claim must be dismissed for failure to state a claim upon which relief can be granted.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is GRANTED. Judgment shall be entered accordingly.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 18, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290